UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BRENDA FERN MUNCEY-BURT<br>*Plaintiff*,<br><br>v.<br><br>LELAND DUDEK,<br>Commissioner of Social Security<br>Administration,<br>*Defendant*. | Case No: 3:24-cv-00058<br><br>Judge Christopher H. Steger |

## MEMORANDUM OPINION

**I.  Introduction**

Plaintiff Brenda Fern Muncey-Burt ("Muncey-Burt") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of benefits and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34 and Title XVI of the Act, 42 U.S.C. §§ 1381-83f. *See* [Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 12].

Each party has filed a brief seeking judgment in their favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 14, 18, 21]. For reasons that follow, Plaintiff's request for relief [Docs. 14, 21] will be **DENIED**, the Commissioner's request for relief [Doc. 18] will be **GRANTED**, and judgment will be entered **AFFIRMING** the Commissioner's decision.

## II. Procedural History

### A. Facts

On October 21, 2020, Plaintiff applied for disability insurance benefits under the Act, alleging disability as of September 26, 2020. (Tr. 17). Plaintiff's claims were denied initially as well as on reconsideration. *Id.* As a result, Plaintiff requested a hearing before an administrative law judge. *Id.*

A hearing was held on February 9, 2023, that included Plaintiff's attorney. *Id*. Administrative Law Judge Mary Ellis Richardson ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 40-69). The ALJ then rendered her decision on March 27, 2023, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 17-33).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial; but that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on February 12, 2024, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs and this matter is ripe for adjudication.

### B. Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.

2. The claimant has not engaged in substantial gainful activity since September 26, 2020, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: residuals status post cerebrovascular accident (CVA), hypertension, obesity, generalized anxiety disorder, and posttraumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, or crawl; frequently handle, finger, and feel with the right upper extremity, should avoid concentrated exposure to workplace hazards. In addition, she can understand, remember, and carry out simple instructions; can perform simple tasks with regular breaks every 2 hours during an 8-hour day, is limited to work that requires occasional interaction with coworkers and supervisors and no interaction with the public, and can deal with occasional changes in a routine work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 26, 1973, and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 26, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 20-33).

### III. Standard of Review

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If, at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United*

States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996)).

**IV. Analysis**

Plaintiff's position is that the ALJ "failed to follow the Social Security Regulations under 20 C.F.R. § 404.1520c." [Doc. 21 at 2]. Specifically, Plaintiff argues that the ALJ failed to properly consider and articulate the persuasiveness of Dr. Blanton's medical opinion under 20 C.F.R. § 404.1520c(a). [*Id.* at 1]. Plaintiff further argues that the ALJ erred in finding the State agency medical consultants more persuasive than Dr. Blanton's opinion. [Doc. 14 at 8]. The Court addresses the challenge below, ultimately concluding that the ALJ's consideration of Dr. Blanton's medical opinion and the resulting RFC were supported by substantial evidence and based on the proper legal standards.

Under the Social Security Regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). However, the regulations do require the ALJ to assess medical opinions for persuasiveness. 20 C.F.R. § 404.1520c(a). A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *2 (6th Cir. Nov. 22, 2022) (citing 20 C.F.R.§ 404.1513(a)(2)). "A medical opinion is distinct from 'objective medical evidence,' *id.* § 404.1513(a)(1), or 'other medical evidence,' *id.* § 404.1513(a)(3), neither of which are required to be considered or assessed for their persuasiveness, *see id.* § 404.1520c(a)." *Robinson*, No. 22-1397, 2022 WL 17168444, at *2 (cleaned up).

When examining medical opinions and prior administrative findings, the most important factors the ALJ must consider are supportability and consistency. 20 C.F.R. § 404.1520c(a). Other

factors the ALJ may, but is not required, to consider when evaluating medical opinions are the relationship to the client, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.*

An ALJ is required to articulate how persuasive they find each medical opinion in the record, specifically discussing supportability and consistency. 20 C.F.R. § 404.1520c. Supportability involves how a medical source supports their own opinion through objective medical evidence and explanations. *Id.* at (c)(1). Consistency involves how the opinion compares with evidence from other medical and nonmedical sources. *Id.* at (c)(2).

In evaluating Dr. Blanton's opinion, the ALJ stated:

> The undersigned finds this opinion partially persuasive, as the overall evidence of record, including the findings upon examination and the other medical evidence, supports no more than moderate limitation in the four functioning areas of understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and adapt or manage oneself. For example, during the examination, Dr. Blanton noted that the claimant drove herself to the appointment and reported no difficulty finding the office with a valid State of Tennessee Driver's license. She was dressed appropriately and casually with adequate hygiene. Her attitude was cooperative throughout the examination. The claimant also reported that she lived with her husband and elderly mother, drove, shopped in stores for groceries, went out alone, performed some household chores, cared for her mother, performed personal care needs without assistance, cooked, ate out occasionally, and worked part time at the time (Exhibit 5F). The claimant testified that her husband does the shopping, and she assists with the care of her mother when she can, and she may cook when her husband gets out the pots and pans. The record further shows she reported cooking Thanksgiving dinner, accessing Facebook, sending text messages, and enjoying watching television and playing with her Yorkie (Exhibit 4E, 8E, 5F, 7F/21, 8F/19; and Hearing Testimony).

(Tr. 30).

The ALJ properly addressed consistency by discussing and citing to other function reports and treatment notes in the record, as well as Plaintiff's own hearing testimony. The ALJ noted that,

when comparing Dr. Blanton's findings to other medical evidence in the record, the overall evidence supports "no more than a moderate limitation in the four functioning areas." (*Id.*). The ALJ then appropriately cited to multiple places in the record where the ALJ found that Dr. Blanton's opinion was not consistent with the record. (*Id.*). Thus, the ALJ properly analyzed Dr. Blanton's opinion for consistency. *See Russell v. Comm'r of Soc. Sec.*, No. 2:23-CV-68-DCP, 2024 WL 3470850, at *5 (E.D. Tenn. July 19, 2024) (finding that the ALJ followed the regulations by simply explaining that the medical opinion was inconsistent with other parts of the record and "[t]he regulations do not require anything more.").

The ALJ also properly addressed supportability when discussing Dr. Blanton's own findings from his evaluation. Specifically, Dr. Blanton noted that Plaintiff drove herself to the evaluation, dressed appropriately, went shopping, completed chores, cared for her mother, cooked, and worked part-time. (Tr. 30). This objective evidence from Dr. Blanton's evaluation certainly met the supportability threshold. Having analyzed Dr. Blanton's opinion under both the consistency and supportability thresholds, this Court finds that the ALJ complied with the regulations.

In her decision, the ALJ found the opinion of the State agency mental health and medical consultant to be mostly persuasive. (Tr. 31). The doctor at the State agency opined that Plaintiff has a mild limitation in understand, remember, or apply information, and a moderate limitation in interact with others, concentrate, persist, or maintain pace, and adapt or manage oneself. (Tr. 31, 99-100, 101,105, 112, 113, 115-116). The ALJ stated that this opinion is "generally consistent with the overall evidence of records." (Tr. 31). To support this finding, the ALJ cited to Plaintiff working part time at Red Lobster after her stroke, driving occasionally, using Facebook, emailing, texting, and calling, performing personal care needs, going out alone, cooking, taking care of her elderly mother, going out to eat twice a month, and preparing Thanksgiving dinner. (Tr. 22, 112). The ALJ

also found these opinions consistent with the overall evidence in the record and Plaintiff's testimony. (Tr. 22).

The Court finds that the ALJ properly explained how she considered the supportability and consistency factors when evaluating the State agency's medical consultants' opinions. The ALJ referenced other parts of the record that corroborated the medical consultants' opinions, as well as cited to parts of the medical consultants' own record in making this finding. The Court thus finds that the ALJ properly followed the regulations, and substantial evidence supports her conclusions.

Although the ALJ is required to explain how the supportability and consistency factors apply to medical-source evidence, the ALJ may, but is not required to, explain how they considered the other factors. *Adams v. Comm'r of Soc. Sec.*, No. 23-3284, 2023 WL 6366106, at *2 (6th Cir. Sept. 28, 2023) (citing 20 C.F.R. § 404.1520c(b)(2)). The ALJ need only discuss the remaining factors when the ALJ finds that "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported … and consistent with the record." 20 C.F.R. § 404.1520c(b)(3). That was not the case here. (*See* Tr. 30-31). Thus, the ALJ did not err in not discussing the other factors.

Notably, Plaintiff is seemingly urging this Court to reweigh the evidence, as the Commissioner points out. *See* [Doc. 18 at 4]. For example, Plaintiff states that the State agency's health consultant's opinion was "conclusory," and the State agency failed to explain why Plaintiff was not "significantly or moderately limited in the applicable functional areas." [Doc. 14 at 7]. Because of this alleged deficiency, Plaintiff opines that Dr. Blanton's opinion is more persuasive and should have been awarded "greater evidentiary weight" over the State agency's opinions, and the ALJ erred by failing to reach that conclusion. [*Id.*]. This assertion is incorrect.

"The Secretary, and not the court, is charged with the duty to weigh the evidence, to resolve

material conflicts in the testimony, and to determine the case accordingly." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990); *see also Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022) (explaining that "invitations to reweigh the evidence and to find other medical opinions more persuasive" are not successful arguments). Additionally, finding the State agency's physicians more persuasive is "not itself an error, because the ALJ must consider all relevant evidence." *Bowers v. Kijakazi*, 40 F.4th 872, 875 (8th Cir. 2022); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 378 (6th Cir. 2013) (finding that "under the regulations, an ALJ must consider all relevant evidence in the case record"). Here, the ALJ found the State agency's opinion more persuasive than Dr. Blanton's opinion and explained her reasoning for that finding. Because that determination is one for the ALJ alone, this Court will not disturb that finding. *See Turk v. Comm'r of Soc. Sec.*, 647 F. App'x 638, 640 (6th Cir. 2016) (citing *Thomas v. Colvin,* 745 F.3d 802, 808 (7th Cir. 2014) ("[T]he determination of a claimant's RFC is a matter for the ALJ alone—not a treating or examining doctor—to decide.")).

While Plaintiff cites parts of the treatment records and Plaintiff's hearing testimony, which she claims are consistent with Dr. Blanton's opinion [Doc. 14 at 5-8], and would interpret the medical record differently, the Court finds that the ALJ's determination was within the ALJ's "zone of choice." *Kilgore v. Saul*, No. 1:19-CV-168-DCP, 2021 WL 932019, at *12 (E.D. Tenn. Mar. 11, 2021) (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)); *see also Huizar v. Astrue*, No. 3:07CV411-J, 2008 WL 4499995, at *3 (W.D. Ky. Sept. 29, 2008) ("While plaintiff understandably argues for a different interpretation of the evidence from that chosen by the ALJ, the issue is not whether substantial evidence could support a contrary finding, but simply whether substantial evidence supports the ALJ's findings.").

The ALJ must look at the whole record and decide, based on all of the medical and

nonmedical evidence, whether the Plaintiff is disabled. The undersigned notes that, although it is possible that one may look at the evidence and decide that Plaintiff is indeed disabled, the Court's review is limited to determining if substantial evidence supported the ALJ's decision. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 402 (6th Cir. 2018). Given that standard, and the ALJ's thorough explanation for how she chose to weigh different medical evidence in the record, this Court finds that there is substantial evidence to support the ALJ's decision.

V.      Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 14, 21] will be **DENIED**, the Commissioner's request for relief [Doc. 18] will be **GRANTED**, and the decision of the ALJ is **AFFIRMED**. Judgment will be entered in favor of the Commissioner.

        **SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE